UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JERSOME L. GRIMES,

    Plaintiff,

v.                                                     Case No.  3:17cv464/RV/CJK

OFFICER FILES, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this action on or about June 11, 2017, by filing a *pro se* civil rights complaint under 42 U.S.C. § 1983 (doc. 1), and a request to proceed *in forma pauperis* (doc. 2).[1] At that time, plaintiff was a pre-trial detainee confined in the "Trial Competency Program" at the Springfield Hospital Center in Sykesville, Maryland. (Doc. 1). After the court ordered plaintiff to re-file his complaint and application to proceed *in forma pauperis* on the appropriate court forms, plaintiff filed an amended complaint (doc. 7) and an amended motion to proceed *in forma pauperis* (doc. 8). Upon review of plaintiff's pleadings and litigation history, the court concludes that this case should be dismissed under 28 U.S.C. § 1915(g),

---

[1] Plaintiff's complaint is dated June 11, 2017. (Doc. 1, p. 6). The complaint was received by the court and docketed on July 10, 2017. (Doc. 1, p. 1).

because plaintiff is barred from proceeding *in forma pauperis* and failed to pay the filing fee upon initiating this suit.

Title 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding *in forma pauperis* under certain circumstances:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and failure to do so warrants dismissal of his case without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit."); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time he initiates suit). The only exception is if the prisoner alleges that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004).

Plaintiff's status as a three-striker has been recognized by federal courts in Maryland, Florida and California.  *See Grimes v. Engram*, No. 8:17-cv-01480-PX, Docs. 6, 7 (D. Md. June 5, 2017) (dismissing plaintiff's civil rights case pursuant to three-strikes bar and outlining plaintiff's extensive litigation history, including the Northern District of California case establishing him as a "three-striker" seventeen years ago) (*quoting* G*rimes v. Haney*, No. 4:15-cv-00436-JSW, Doc. 4 (N.D. Cal. Mar. 30, 2015), in turn citing *Grimes v. Oakland Police Dep't*, No. 4:00-cv-01100-CW, Doc. 4 (N.D. Cal. May 18, 2000), as the case informing plaintiff of his status as a three-striker under 28 U.S.C. § 1915(g)); *see also Grimes v. UWF Campus Police Officer Riles*, No. 6:17-cv-1005-PGB-TBS, Doc. 3 (M.D. Fla. June 7, 2017) (dismissing plaintiff's civil rights case pursuant to three-strikes bar and repeating plaintiff's extensive litigation history).  In G*rimes v. Haney*, No. 4:15-cv-00436-JSW, United States District Court Judge Jeffrey S. White of the Northern District of California observed that "in 2003 alone [Grimes'] failure to pay the full filing fee and to state cognizable claims for relief had resulted in the dismissal of approximately thirty-six actions under § 1915(g)."  *Id*. at Doc. 4.  The foregoing cases may be positively identified as having been filed by plaintiff because he discloses them in his original and amended complaints.  (*See* Doc. 1, p. 5; Doc. 7,

pp. 5-6 in ECF). This court takes judicial notice of these relevant and indisputable filings.

As plaintiff has three strikes, he may not litigate this case *in forma pauperis* unless he demonstrates that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown, supra*. Plaintiff's complaint is devoid of any such allegations, or of any arguable merit at all. He is suing the University of West Florida (UWF) Police Department and two of its officers for "Invasion of Privacy with Terror Intent, Illegal Searches and Siezures [sic] and False Arrest", claiming the officers were verbally combative to him, falsely arrested him, and illegally seized his automobile and its contents in March of 2017, after he placed a 911 call reporting that he discovered, at the UWF campus, restrooms and "several other terror chamber type HVAC, circuit breaker, sprinkler boiler/janitorial closet(s) and elevator shaft style terror chambers/tunnels." (Doc. 1, p. 3 in ECF). Plaintiff's amended complaint reiterates plaintiff's claims of false arrest and illegal seizure. (Doc. 7). These allegations do not qualify plaintiff for § 1915(g)'s imminent danger exception. Because plaintiff is barred from proceeding *in forma pauperis* and failed to pay the filing fee at the time he initiated this lawsuit, this case should be dismissed under § 1915(g).

Accordingly, it is respectfully RECOMMENDED:

1.  That plaintiff's amended motion to proceed *in forma pauperis* (doc. 8) be DENIED and this action be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(g).

2.  That the clerk be directed to close the file.

At Pensacola, Florida this 24th day of August, 2017.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.